UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

    Plaintiff,

v.

JOHN DAVID KENNEY, G. STEVEN HAMMOND,

    Defendants.

CASE NO. C13-5647BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

    Before the Court for review is Plaintiff's complaint. ECF No. 8. The Court will not direct service of Plaintiff's complaint at this time because it is deficient, as is explained in further detail below.

## DISCUSSION

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b). In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The Court has reviewed Plaintiff's complaint and finds that it must be dismissed because it does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure that "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562–563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Instead of submitting a "short and plain statement" of his claims, Plaintiff has filed a complaint that consists of forty-two single-spaced and handwritten pages and 46 pages of exhibits. Plaintiff names two Department of Corrections Medical Directors John David Kenney and G. Steven Hammond and alleges numerous violations relating to his medical care and retaliation relating to his maintenance of a website. In many instances, Plaintiff's allegations are confusing and he fails to allege facts from which it may be inferred that it is the named defendants who allegedly violated his constitutional rights. The Court cannot reasonably discharge its screening responsibility under § 1915A until Plaintiff complies with the pleading requirements set forth in Rule 8. Plaintiff also attaches numerous exhibits. As this case is only in the pleading stage, Plaintiff need not support his claims with evidence and the exhibits will be returned to him.

The Court will grant Plaintiff an opportunity to file an amended complaint so that he may attempt to cure his deficient complaint. Plaintiff is advised that in order to state a claim under 42 U.S.C. § 1983, a complaint must establish "the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not provide a cause of action for violations of state law. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001).

1         Plaintiff must clarify whether he has any basis for pursuing a claim under § 1983. In the
2 amended complaint, Plaintiff must write out short, plain statements telling the Court (1) the
3 constitutional right Plaintiff believes was violated; (2) name of the person who violated the right;
4 (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person
5 is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury
6 Plaintiff suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72,
7 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). If the person named as a defendant was a supervisory
8 official, Plaintiff must either state that the defendant personally participated in the constitutional
9 deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so
10 in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate
11 indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to
12 Plaintiff and also state facts to support this claim. See *Monell v. New York City Department of*
13 *Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

14         Plaintiff must repeat this process for each person he names as a defendant, including the
15 "John Doe" and "Jane Doe" defendants. If Plaintiff fails to affirmatively link the conduct of
16 each named defendant with the specific injury suffered by Plaintiff, the claim against that
17 defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant
18 or a group of defendants have violated a constitutional right are not acceptable and will be
19 dismissed.

20         In the following paragraphs, the legal standards that *may* apply to Plaintiff's numerous
21 and convoluted claims are set forth. Plaintiff should carefully review the standards and amend
22 only those claims that he believes, in good faith, are cognizable.

23 //

24 //

ORDER TO AMEND OR SHOW CAUSE - 3

**A.     Eighth Amendment**

Plaintiff alleges that he has not received or was denied proper medical care because Defendants John David Kenney and G. Steven Hammond (1) failed to provide visual diagnostic testing on esophageal varices and colon adenomas (cancers) previously removed three years ago; (2) failed to stop Plaintiff's chronic pain from advanced end-state liver disease or extend his medications; (3) failed to refer Plaintiff to an orthopedic specialist and neurologist, provide diagnostic testing or medication for Plaintiff's degenerative disc disease; and (4) failed to ensure that his 5th carpal bone was properly set and evaluated by an orthopedic specialist.

To establish a constitutional violation under the Eighth Amendment due to inadequate or denial of medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Deliberate indifference to a prisoner's medical needs is defined by the Court as the "unnecessary and wanton infliction of pain." *Id*.  Indifference proscribed by the Eighth Amendment may be manifested by a prison doctor's response to the prisoner's need, by the intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id*.  However, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

If Plaintiff wishes to pursue this claim, he should write out short, plain statements as to each alleged injury, stating (1) the name of the person who violated the right; (2) exactly what that individual did or failed to do; (3) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (4) what specific injury Plaintiff suffered because of that person's conduct.

//

//

1  **B.    First Amendment – Retaliation**

2        Plaintiff alleges that "Defendants and their agents are retaliating" against him by not
3  providing him with needed medical care because he set up a website that exposes their "and
4  other DOC medical personnel's wrongdoing." ECF No. 8 at pp. 31.

5        Retaliation by a state actor for the exercise of a constitutional right is actionable under 42
6  U.S.C. § 1983.  *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 283–84, 97 S.Ct. 568, 50
7  L.Ed.2d 471 (1977). "Within the prison context, a viable claim of First Amendment retaliation
8  entails five basic elements: (1) An assertion that a state actor took some adverse action against a
9  prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
10 inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
11 legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005). The
12 prisoner must prove all the elements of a viable retaliation claim, including "the absence of
13 legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland,* 65 F.3d
14 802, 806 (9th Cir.1995). For purposes of any type of retaliation claim, a plaintiff must show a
15 causal connection between a defendant's retaliatory animus and a subsequent injury. *Hartman v.*
16 *Moore,* 547 U.S. 250, 259, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006).

17       If Plaintiff wishes to pursue this claim, he must allege facts relating to all of the elements
18 set forth above.

19 **C.    Grievances**

20       Plaintiff alleges that Carla Curl and Thomas Holthe failed to process his grievances. ECF
21 No. 8 at pp. 13-14. However, these individuals are not named as defendants. If Plaintiff wishes
22 to pursue a claim against these individuals, he must name them in the caption and in the body of
23 his amended complaint. He must state what these individuals did, when they did it, and how this
24 caused him harm.

### D. Deadline to Amend

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint **on or before September 27, 2013.** As explained above, the amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). The amended complaint shall be presented on the form provided by the Court and must be **legibly rewritten or retyped in its entirety**. The amended complaint should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the Court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.

Because an amended complaint supersedes the original complaint, the amended complaint must be complete in itself without reference to the prior or superseded pleading. All causes of action alleged in the original complaint that are not alleged in an amended complaint are waived. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from

1 bringing any other civil action or appeal in forma pauperis "unless the prisoner is under
2 imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

3     **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**
4 **1983 civil rights complaint and for service, a copy of this Order and the General Order.**
5 **The Clerk is further advised to return all exhibits to Plaintiff.**

7     **DATED** this  19th  day of August, 2013.

                                                Karen L. Strombom
                                                United States Magistrate Judge