UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN DARBY MCDONALD,<br><br>                Plaintiff,<br><br>   v.<br><br>JOHN DAVID KENNEY, G. STEVEN HAMMOND,<br><br>                Defendants. | No. C13-5647 BHS/KLS<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO RECUSE |

Before the Court is Plaintiff's "Request for Unbias [sic] Magistrate." ECF No. 10[1]. Plaintiff contends that the undersigned is biased in general, against mentally ill plaintiffs and specifically towards him because of his disabilities and physical abnormalities. He asks that an unbiased magistrate judge be appointed to his case. *Id.* Plaintiff filed this request after the undersigned ordered him to amend his complaint or show cause why his complaint should not be dismissed. ECF No. 9.

**DISCUSSION**

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a

---

[1] The full title of Plaintiff's pleading is "Reply to Order to Show Cause: 1. Objection to Amend Complaint; 2. Request for <u>Krain</u> Hearing Due to Psychological Abnormalities; 3. Request for Appointment of Counsel; 4. Request for Unbias Magistrate to Chief Judge Because Plaintiff is Mentally Challenged and Magistrate is Biased Against Mentally Ill Plaintiffs." ECF No. 10. The pleading is docketed again at ECF No. 11 as a response to the Court's Order to Amend or Show Cause (ECF No. 9).

ORDER REGARDING RECUSAL MOTION - 1

party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455(b)(1).  Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).  In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

This Court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court.   The undersigned has no personal bias or reason to be partial to one side or the other in this matter.  The undersigned finds no reason to recuse herself voluntarily from this case, and declines to do so.

ORDER REGARDING RECUSAL MOTION - 2

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance. However, Plaintiff's motion shall be referred to the Chief Judge for a determination of its merits. Local Rules W.D. Wash. 3(e).

Accordingly it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily. Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge Marsha J. Pechman for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Pechman's motion calendar.

This action, and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue. No further motions shall be filed in this matter until the stay is lifted. Any motion filed while the matter is stayed shall not be considered and shall be dismissed.

The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Respondent.

**DATED** this 4th day of September, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER REGARDING RECUSAL MOTION - 3