1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN DARBY MCDONALD,

               Plaintiff,

     v.

JOHN DAVID KENNEY, G. STEVEN
HAMMOND,

               Defendants.

CASE NO. C13-5647BHS/KLS

SECOND ORDER TO AMEND OR
SHOW CAUSE

On July 31, 2013, Plaintiff Steven Darby McDonald filed a motion for leave to proceed

in forma pauperis and a proposed civil rights complaint.  ECF No. 1.  The Court granted leave to

proceed in forma pauperis on August 15, 2013.  ECF No. 5.  On August 19, 2013, the Court

ordered Mr. McDonald to amend his complaint or to show cause why his complaint should be

not be dismissed for failure to state a claim under 42 U.S.C. § 1983.  ECF No. 9.

In its Order to Amend or Show Cause, the Court directed Mr. McDonald to clarify his

basis for pursing a claim under § 1983 by writing out short, plain statements telling the Court (1)

the constitutional right Plaintiff believes was violated; (2) name of the person who violated the

right; (3) what that person did or failed to do; (4) how the action or inaction of that person is

connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury

Plaintiff suffered because of that person's conduct.  ECF No. 9, p. 3.  In addition, the Court

provided guidance as to legal standards that may apply to Plaintiff's claims, including Eighth

Amendment (denial of medical care), First Amendment (retaliation and grievances).  *Id.*, pp. 4-7

1    In response, Mr. McDonald filed an "Objection" to the Court's Order allowing

2  amendment, a motion for *Krain* Hearing due to Psychological Abnormalities, motion for

3  appointment of counsel and guardian ad litem, and motion for an "unbiased magistrate."  ECF

4  No. 11.  Plaintiff's motion for an "unbiased judge was referred to Chief District Judge Marsha J.

5  Pechman on September 4, 2013.  ECF No. 12.  Judge Pechman denied the motion.  ECF No. 13.

6    Mr. McDonald also attached to his Objection, 197 pages of exhibits including articles on

7  his website, various grievances relating to requests for narcotic pain medication, and a set of

8  exhibits entitled "Federal Judges Misconduct, Dressing as Transvestites, Pimping Ho's, Raping

9  Staff, Not Following Orders Issued by Ninth Circuit."  *Id.*, 11-1, pp. 44-59.

10    Mr. McDonald contends that this Court must hold a *Krain* hearing to determine his

11  competency to respond to the Court's Order allowing him to amend his complaint.  From the

12  various medical records (some dating back to 1993) attached to the Objection, it may be

13  discerned that Mr. McDonald has hepatitis C and a possible history of bipolar and/or organic

14  mental disorders.  However, there is no evidence from which it may be inferred that a substantial

15  question exists regarding Mr. McDonald's competence to pursue this litigation at this time.

16    *Krain* holds that when a substantial question exists regarding the competence of an

17  unrepresented party, the court may not dismiss with prejudice for failure to comply with an order

18  of the Court.  This Court has not determined that Mr. McDonald's claim should be dismissed

19  with prejudice for failing to comply with an order of this Court.  Rather, the Court has provided

20  Mr. McDonald an opportunity to file an amended complaint and has warned Mr. McDonald that

21  his failure to do so might result in a dismissal of his complaint.  Such a dismissal would be

22  without prejudice.  Also contrary to Mr. McDonald's belief, the Court is not obligated to appoint

23  a guardian ad litem before dismissing his action because there is insufficient evidence of mental

24  incompetence and any dismissal, should Mr. McDonald fail to appropriately amend his

1  complaint, would be without prejudice.  *See Allen v. Calderon,* 408 F.3d 1150, 1153 (9th Cir.

2  2005).

3        Mr. McDonald is also not entitled to the appointment of counsel.  There is no

4  constitutional right to the appointment of counsel in a § 1983 action.  *Storseth v. Spellman*, 654

5  F.2d 1349, 1353 (9th Cir. 1981).  A district court may, in its discretion, appoint counsel for

6  indigent civil litigants in "exceptional circumstances," after evaluating both the "likelihood of

7  success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of

8  the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

9  Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

10       Mr. McDonald has provided no evidence of exceptional circumstances warranting the

11  appointment of counsel.  The Court has declined to serve Plaintiff's complaint at this time

12  because it is deficient, but Plaintiff was given an opportunity to amend his complaint and by this

13  Order is being given a second opportunity to amend his complaint.  The Court also notes that this

14  is not a case involving complex facts or law.  In addition, Mr. McDonald presents no evidence to

15  show that he is likely to succeed on the merits of his case.

16       If Mr. McDonald wishes to pursue this litigation, he must submit an amended complaint

17  that cures the deficiencies previously noted by the Court **on or before October 31, 2013**.  As

18  explained above and in the Court's August 19, 2013 Order, the amended complaint must contain

19  "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."

20  Fed.R.Civ.P. 8(a)(2).  The amended complaint shall be presented on the form provided by the

21  Court and must be **legibly rewritten or retyped in its entirety**.  The amended complaint should

22  be an original and not a copy, it may not incorporate any part of the original complaint by

23  reference, and it must be clearly labeled the "Amended Complaint" and must contain the same

24  cause number as this case.  Mr. McDonald should complete all sections of the Court's form.  He

1   may attach continuation pages as needed but may not attach a separate document that purports to

2   be his amended complaint.

3         Because an amended complaint supersedes the original complaint, the amended

4   complaint must be complete in itself without reference to the prior or superseded pleading.  All

5   causes of action alleged in the original complaint that are not alleged in an amended complaint

6   are waived.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on*

7   *other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

8         The Court will screen the amended complaint to determine whether it contains factual

9   allegations linking each defendant to the alleged violations of Mr. McDonald's rights.  If the

10   amended complaint is not timely filed **on or before October 31, 2013,** or fails to adequately

11   address the issues raised herein, the Court will recommend dismissal of this action as frivolous

12   pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. §

13   1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or

14   more civil actions or appeals which are dismissed on grounds they are legally frivolous,

15   malicious, or fail to state a claim, will be precluded from bringing any other civil action or

16   appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical

17   injury."  28 U.S.C. § 1915(g).

18         **The Clerk is directed to send Plaintiff: (1) appropriate forms for filing a 42 U.S.C.**

19   **1983 civil rights complaint and for service, (2) a copy of this Order and the General Order,**

20   **and (3) a copy of the Court's August 15, 2013 Order.**

21         **DATED** this 3rd day of October, 2013.

22

23                                     Karen L. Strombom

24                                     United States Magistrate Judge